UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL WEST, <br><br> Plaintiff, <br><br> vs. <br><br> FMA ALLIANCE, LTD. <br><br> Defendant, | Civil Action No. 4:11-cv-03767 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PAUL WEST, ("Plaintiff"), through the undersigned counsel, DAVE LILLEY, alleges the following against FMA ALLIANCE, LTD. ("Defendant"):

INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Paul West, an individual consumer, against Defendant, FMA Alliance, Ltd., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

1

## PARTIES

3. Plaintiff, Paul West, is a natural person with a permanent residence in Phoenix, Maricopa County Arizona 85013.

4. Upon information and belief the Defendant, FMA Alliance, Ltd., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business in this District located at 12339 Cutten Road Houston, Harris County, Texas 77066. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in or before June of 2011.

7. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. In June of 2011, Plaintiff authorized a 1 time payment of $300.00 to be eletronicly withdrawn from his checking account.

9. Plaintiff did not authorizes any payments besides the initial payment in June.

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, withdrew multiple payments from Plaintiff's checking account without authorization.

11. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff that he could not consolidate his student loans.

12. Upon information and belief, Plaintiff has consolidated his student loans.

13. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed.

14. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (b) Defendant violated §1692e of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (c) Defendant violated §1692e(10) of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Paul West, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant, FMA Alliance, Ltd., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PAUL WEST, demands trial by jury in this action.

[ELECTRONIC SIGNATURED AFFIXED ON NEXT PAGE]

This 24th day of October, 2011.

        ALEX SIMANOVSKY & ASSOCIATES, LLC

        */s/ Dave Lilley*
        Dave Lilley, Esq.
        TX Bar No. 24035064
        Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| PAUL WEST<br>*Plaintiff*<br>v.<br>FMA ALLIANCE, LTD<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. |

## WAIVER OF THE SERVICE OF SUMMONS

To: Dave Lilley, Esq.
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from __10/24/2011__, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:

_____
*Signature of the attorney or unrepresented party*

*Printed name of party waiving service of summons*          *Printed name*

                                                              *Address*

                                                              *E-mail address*

                                                              *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| PAUL WEST | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| FMA ALLIANCE, LTD | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Dave Lilley, Esq.
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____10/24/2011_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

*Printed name of party waiving service of summons*             *Printed name*

                                                                *Address*

                                                                *E-mail address*

                                                                *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.